IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
09/22/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

RICHARD ARRIETA ALVARADO,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center;
MARKWAYNE MULLIN, Secretary, DHS; and
DAVID VENTURELLA, Acting Director, ICE,

Respondents.

Case No. 26-3274-JWL

## MEMORANDUM AND ORDER

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner, a native of Venezuela, entered the United States in 2019 and was paroled into the United States. He was detained by immigration officials on December 22, 2025. On February 20, 2026, the immigration court ordered petitioner's removal but granted his application for relief from removal to Venezuela, meaning petitioner may only be removed to an alternate third country. Petitioner is presently confined within this judicial district. On July 31, 2026, petitioner filed this habeas action; respondents have filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

Petitioner claims that his continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Petitioner seeks his release, claiming that he has been detained for more than six months and that his removal in the foreseeable future is not likely.[1] Such a claim is analyzed under the framework set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court noted that an alien must be detained during the 90-day statutory removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)). The Supreme Court held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *See id.* at 699. The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the

---

[1] Petitioner also states as grounds for relief that he has legal status in the United States and that he needs to support his family. Petitioner has not alleged, however, that his detention in light of such facts violates any federal law. The Court therefore confines its analysis to the claim under *Zadvydas*.

> circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. . . .
>
> We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters. But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

*See id.* at 699-700 (citations omitted). The Supreme Court then established a presumptively-reasonable detention period of six months in which to accomplish removal, after which the reasonableness of an alien's detention should be determined as follows:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*See id.* at 701; *see also, e.g.*, *Vargas v. Noem*, 2025 WL 2770679, at *2-3 (D. Kan. Sept. 29, 2025) (Lungstrum, J.) (applying this framework).

The Court concludes that this claim must be denied. First, the removal period begins when a removal order becomes administratively final, *see* 8 U.S.C. § 1231(a)(1)(B)(i), which occurs upon waiver of appeal by the alien or upon expiration of the time for an appeal, *see* 8 C.F.R. § 1241.1(b), (c). The Government has provided evidence that petitioner did not take an appeal from his removal order, and there is no indication or

evidence that petitioner waived appeal at the time of his removal order. Accordingly, because petitioner's appeal time expired on March 22, 2026, the Court deems petitioner's removal period to have begun on that date. Therefore, exactly six months have passed since the removal period began, and thus petitioner has failed to show that he has been detained beyond the presumptively-reasonable period for his removal set by the Supreme Court.[2]

Moreover, even if the Court were to apply the *Zadvydas* framework in this case, petitioner's claim would fail because petitioner has not met his burden to provide good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. In support of this claim, petitioner cites no basis other than the fact that his removal to a third country has not yet occurred after six months, but as the Supreme Court noted in *Zadvydas*, its framework and presumption "does not mean that every alien not removed must be released after six months." *See Zadvydas*, 533 U.S. at 701. The Court therefore denies the petition.[3]

---

[2] The Court notes that although petitioner asserts that he has cooperated with the Government "in all their procedures," the Government has provided evidence that petitioner has consistently refused to sign notices served on him. Respondents argue that petitioner's removal period should therefore be deemed to have been suspended under 8 U.S.C. § 1231(a)(1)(C); but the Government has not shown or explained how such refusals actually prevented it from removing petitioner to the third country that it had identified. *See id.*

[3] Of course, if petitioner's removal is not accomplished in the near future and it becomes apparent there is no significant likelihood of removal in the reasonably foreseeable future, petitioner would be free to file a new petition asserting this same claim.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 22nd day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge